October 22, 1981

No. WR-CV-454-81

OPINION AND ORDER

JAMES WOODROW CURTIS, Plaintiff, v.

THE NAVAJO NATION BAR ASSOCIATION, et.al, Defendants.

Honorable Robert B. Walters, Judge presiding.

This is an action for damages against officers of the Navajo Nation Bar Association and officials of the District Court of the Navajo Nation, Window Rock District. The action arises out of the plaintiff's candidacy as a member of the Navajo Nation bar. The complaint was filed on August 3, 1981, and this opinion is made subsequent to a hearing on the defendants' motion to dismiss, which was submitted to the court for adjudication on October 22, 1981.

In essence the plaintiff sues the President of the Navajo Nation Bar Association, the Chairman of the Navajo Nation Bar Admissions Committee, two members of the Navajo Nation Bar Association Board of Commissioners, the Clerk of the Window Rock District Court and her "mailhandlers" for damages. For the purpose of a motion to dismiss all well-pleaded facts in the complaint are considered to be true, and the plaintiff complains that the treatment of his application to take a bar examination, the conduct of the examination itself and the handling of his complaints about the exam after he failed to pass it somehow violate rights to due process, equal protection and even rights under the Treaty of 1868 between the Navajo Nation and the United States.

The plaintiff's complaints are with regard to the manner his candidacy for the bar was handled by the defendants. While he asserts he was treated unfairly, it does not appear he exercised his right under Section IV.G of the Bylaws of the Navajo Nation Bar Association to ask the Court of Appeals to make a final review of the matter. The plaintiff's claim for damages is so intertwined with matters over which the Court of Appeals has sole jurisdiction, this court simply does not have jurisdiction to consider the matter. Therefore the action must be dismissed not only for the failure of the plaintiff to either mitigate or obviate damages through review by the Court of Appeals, but for a failure to exhaust remedies available to him and a lack of subject matter jurisdiction in this court.

There is another very serious aspect of this case. The Judges of the Navajo Nation, properly exercising their rulemaking powers, have delegated certain functions to the Navajo Nation Bar Association including the right to actually conduct bar examinations. The Navajo Nation Bar Association has adopted reasonable rules to conduct the examinations, and its officers and members actually carry out that function. All the Navajo Nation Bar Association members were therefore not acting as

members of a private organization in this matter, but were carrying out court business. The same is true of the clerk and her assistants. The principle of law is so clear as to not require citation that officers of courts are immune from suit for conduct arising out of their duties. This court does not rely upon the immunity resolution offered to it but upon the inherent powers of the courts to be immune from suit. You cannot have judges and court officers making decisions if they may be in fear of suit for their conduct. The facts of the complaint, taken as true, show no bad faith, ill will, malice or other matters which might lead the court to consider any exception to the rule of absolute immunity.

Therefore the court enters the following

## ORDER

This action is dismissed with prejudice, without costs.